RECEIVED
IN LAKE CHARLES, LA
MAR 2 3 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20223 |
| VS. | : | JUDGE MINALDI |
| MARCUS WAYNE HENDERSON | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

The court notified the defendant that an upward departure from the advisory guideline range would be considered.[1] Having reviewed the Presentence Report ("PSR") and the briefs by counsel, the court finds that an upward departure is warranted for the reasons set forth herein.

In the instant case, the defendant is subject to a mandatory minimum sentence of seven years imprisonment. This is the mandatory *minimum*. 18 U.S.C. § 924(c)(1)(A)(ii) provides for the imposition of a mandatory minimum consecutive term of imprisonment of not less than seven years upon conviction for brandishing a firearm during and in relation to a drug trafficking crime. The court in *U.S. v. Sias*, 227 F.3d 244, 246 (C.A.5 (La.), 2000) reasoned that the only term of imprisonment "mandated" by § 924(c) was the minimum or the floor. By implication, Congress left open the ceiling of sentences imposed under § 924(c). A sentence in excess of seven years pursuant to this statute is a variance, not a departure.[2]

Henderson pleaded guilty to Count 2 of the Indictment in exchange for the dismissal of Count

---

[1]  Prior notice of the court's intent to depart is no longer required. *U.S. v. Mejia-Huerta*, 2007 WL 610973 (C.A.5 (Tex. (C.A.5 (Tex.), 2007).

[2]  *U.S. v. Mejia-Huerta*, 2007 WL 610973, *7 (Tex. (C.A.5 (Tex.), 2007).

1 ("carjacking") and Count 3 (possession of a firearm by a convicted felon). The PSR did not consider the conduct which served as the basis for the charges contained in Counts 1 and 3. Had these counts been considered, Henderson would have faced a guideline range of 92 to 115 months, which would have run consecutively to his sentence on Count 2.[3]

The guidelines permit a sentencing court to consider departure from the advisory sentencing range when the PSR indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, and provides guidance for the consideration of such departures.[4] Pursuant to U.S.S.G. § 4A1.3(a)(1), a sentencing court may impose an upward *departure* "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."[5]

The decision to impose a non-Guidelines sentences in Henderson's case is not based exclusively on his unrepresentative criminal history. It is based on a combination of § 3553(a) factors, including extensive criminal history, the need to promote respect for law, deterrence of future criminal conduct, and the need to protect the public. Because § 4A1.3 applies only to *departures*-based on unrepresentative criminal history-not to *variances,* the court is not required to follow the strict procedure contained in §4A1.3 (a)(4)(A) and (B).

§§ 3553(a)(1) and (2) include consideration of past criminal conduct and the risk of recidvism. The Guidelines expressly provide in a policy statement that "[a] prior arrest record itself

---

[3]  18 U.S.C. § 924(c)(1)(D)(ii).

[4]  USSG § 4A1.3, comment.

[5]  *U.S. v. Mejia-Huerta,* 2007 WL 610973, *7 (Tex. (C.A.5 (Tex.), 2007).

2

shall not be considered for purposes of an upward departure ....". U.S.S.G. § 4A1.3(a)(3) (2006). While the Guidelines contemplate that a district court may base an upward departure on "[p]rior similar adult criminal conduct not resulting in a criminal conviction,"[6] they also contemplate that there must be "reliable information" of such conduct.[7] While arrests, *standing alone*, do not constitute reliable information under the Guidelines[8], arrests are evidence of "similar adult criminal conduct not resulting in a criminal conviction" subject to the purview of the court.

Henderson is 30 years old and his adult criminal record dates back to age 18 when he was convicted of simple burglary and theft. He was subsequently convicted of possession of stolen things (age 20), theft of goods (age 21), driving while intoxicated (age 23), aggravated assault, possession of marijuana and no driver's license (age 25). Henderson has an extensive arrest record dating from 1999 (age 17) to 2004. He faces pending charges for aggravated battery, possession of marijuana, possession of drug paraphernalia; public intimidation, illegal weapon discharge, disturbing the peace; distribution of false CDS; possession of marijuana, possession of CDS, flight from an officer; aggravated burglary, aggravated kidnaping, possession of CDS; and failure to dim headlights while driving under suspension. This extensive criminal history is evidence of the propensity for recidivism. Additionally, the instant offense occurred a little more than two years into a five year term of probation. It is clear that the relatively short prison sentences received by

---

[6]   *Id.* § 4A1.3(a)(2)(E).

[7]   *See id.* § 4A1.3(a)(1) ("If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.").

[8]   U.S. v. Jones 444 F.3d 430, *434 (C.A.5 (Miss.), 2006).

Henderson in the past have done nothing to deter him from committing new crimes.

The court has considered the fact that Henderson brandished the pistol not only at Foreman, the kidnaping victim, but he also threatened to shoot the other occupants of the house on 6th Avenue if they called the police. The house on 6th Avenue was occupied by five additional people who were victimized by Henderson's conduct.

The pistol that Henderson used had been stolen a day or two before he used it to kidnap Foreman. Elijah Webre had reported the firearm stolen on October 28, 2003.[9] Foreman was kidnaped on October 27, 2003. The Government argues that, in light of the temporal proximity of the theft of the pistol and Henderson's use of it, coupled with the fact that Henderson has prior convictions for vehicle burglary, theft and possession of stolen things, it is certainly reasonable to conclude that Henderson knew, or should have known, that the weapon he used was stolen. The court agrees. The guidelines provides a two-level increase if the firearm was stolen, but Henderson was not assessed this two-level increase.

To further exacerbate Henderson's criminal activity, he was selling cigarettes dipped in embalming fluid. He was threatening Foreman because he believed that she had stolen his embalming fluid. This medium of cigarettes soaked in embalming fluid is very dangerous. Henderson also admitted that he was a regular user of marijuana, PCP, codeine and Xanax at the time he committed this offense.

It is abundantly clear from the facts contained in Henderson's PSR that an upward departure

---

[9] Webre stated that he had seen the weapon three days earlier).

is justified.

    Lake Charles, Louisiana, this 22 day of March, 2007.

                                          PATRICIA MINALDI
                                          UNITED STATES DISTRICT JUDGE