RECEIVED
IN LAKE CHARLES, LA
APR 2 2 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20223 |
| VS. | : | JUDGE MINALDI |
| MARCUS WAYNE HENDERSON | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Presently before the court is an "Affidavit and Motion Seeking Recusal" [doc. 54]. The defendant asserts that he has been prejudiced by the undersigned judge because she presided over his prior state court case. The defendant also alleges a conflict that was created when his prior defense attorney, Leslie Berman, became a law clerk with the Magistrate Judge.

Both recusal statutes, 28 U.S.C. §§ 144 and 455, require a "proceeding" pending before the judge sought to be recused. The term "proceeding" implies "the judge's participation in decisions affecting the substantive rights of the litigants to an actual case or controversy." *United States v. Sciarra*, 851 F.2d 621, 635 (3d Cir.1988). The defendant simultaneous with the filing of this motion, filed a motion to Vacate pursuant to §2255. A habeas motion is pending, therefore this motion is timely.[1]

Under § 144, a party must timely file a motion to recuse, accompanied by an affidavit stating the facts and reasons supporting the motion. 28 U.S.C. § 144. Henderson's "affidavit" is insufficient. It is unsworn and does not otherwise comply with the statutory requirements for a substitute

---

[1] The pending habeas is related to a recent conviction in federal court. The pending habeas is not related to the 1994 state court criminal conviction.

affidavit, because it does not state that it was made under penalty of perjury. *See* 28 U.S.C. § 1746; *United States v. Saeid,* 1995 WL 337932, 1 (5th Cir. 1995).

Furthermore, it is well established law that under § 144 only allegations of "personal" bias of a judge are sufficient to require disqualification. *See United States v. Grinnell Corp.*, 384 U.S. 563, 582-83, 86 S.Ct. 1698, 1709-10, 16 L.Ed.2d 778 (1966); *Berger v. United States*, 255 U.S. 22, 32-33, 41 S.Ct. 230, 232-233, 65 L.Ed. 481 (1921); *United States v. Serrano*, 607 F.2d 1145, 1150 (5th Cir. 1979). For a bias to be personal, and therefore disqualifying, it "must stem from an extra-judicial source . . .." *United States v. Grinnell Corp., supra,* 384 U.S. at 583, 86 S.Ct. at 1710; *Berger v. United States,* supra, 255 U.S. at 31, 41 S.Ct. at 232; *IBM, supra,* slip op. at 1417; see *United States v. Serrano, supra,* 607 F.2d at 1150; *United States v. Clark, supra,* 605 F.2d at 942; *Davis v. Board of School Comm'rs, supra,* 517 F.2d at 1051. In the present case there can be no question but that the prior conviction in the state criminal case was judicial in nature, making §144 inapplicable. *In re Corrugated Container Antitrust Litigation,* 614 F.2d 958, 964-965 (5th Cir. 1980).

Henderson argues that the undersigned should immediately transfer this motion to another judge for a hearing. Although such transfers have occurred in limited instances,[2] such a practice is not encouraged. The challenged judge is most familiar with the alleged bias or conflict of interest. *See United States v. Haldeman,* 559 F.2d 31, 131 (D.C.Cir.1976), cert. denied, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977). Referring the motion to another judge raises problems of administrative inconvenience and delay. *Parrish v. Board of Com'rs of Alabama State Bar*, 524 F.2d

---

[2] See, e.g., *United States v. Grinnell Corp.*, 384 U.S. 563, 582-83 n. 13 (1966); *Tenants & Owners in Opposition to Redevelopment v. United States Dep't of Housing & Urban Dev.*, 338 F.Supp. 29, 31 (N.D.Cal.1972).

2

98, 107 (5th Cir.) (Gee, J., specially concurring), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1975). Although the matter is ultimately within the discretion of the challenged judge, recusal motions should only be transferred in unusual circumstances. *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1162 (5th Cir. 1982).

§455 requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned". 28 U.S.C. § 455. Henderson offers two bases on which Judge Minaldi's impartiality might reasonably be questioned:

First, Judge Minaldi presided over an unrelated state court case in 1994 and 1995. She ultimately found the defendant guilty of a felony conviction, burglary of an automobile. The defendant alleges that the victim of this prior felony was Jill Foreman, an undercover police officer. Henderson imagines that Judge Minaldi and Officer Foreman must have encountered each other in some social or civic settings. This presumed contact is alleged to have created a ground for recusal.

Second, Henderson refers to his prior CJA Panel attorney, Leslie Berman. Ms. Berman became a law clerk for the Magistrate Judge in this division for a term. The defendant suggests that this also creates a conflict for Judge Minaldi.

§455(a) states that a judge should recuse herself in any proceeding in which her impartiality might reasonably be questioned. "In order to determine whether a court's impartiality is reasonably in question, the objective inquiry is whether a well-informed, thoughtful and objective observer would question the court's impartiality." *Trust Co. v. N.N.P.,* 104 F.3d 1478, 1491 (5th Cir.1997) (citing *United States v. Jordan,* 49 F.3d 152, 155-58 (5th Cir.1995)). The purpose of § 455(a), and the principle of recusal itself is not just to prevent *actual* partiality, but to "avoid even the appearance of partiality." *Jordan,* 49 F.3d at 155. The analysis of a § 455(a) claim must be guided, not by

3

comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the facts and circumstances of the particular claim. *Republic of Panama v. American Tobacco Co. Inc.*, 217 F.3d 343, 346 ( 5th Cir. 2000); *United States v. Bremers*, 195 F.3d 221, 225 (5th Cir.1999) (citing *Jordan*, 49 F.3d at 157).

The defendant's unsupported allegations that the undersigned must have known the victim of the state crime and that Ms. Berman's employment by another Judge created a conflict are absolutely unsupported. Yet, while there is no evidence of actual bias, this court must still consider whether a reasonable person might harbor doubts about the trial judge's impartiality. The fact that Judge Minaldi presided over the defendant's state court case does not *per se* create cause for recusal.

Henderson is arguing that because the undersigned presided over his case in state court, there is an inherent bias. Disqualification pursuant to the impartiality provision of the general disqualification statute generally cannot be premised on judicial rulings in the course of the trial of other proceedings. AMJUR FEDCOURTS § 66; *In re Cooper*, 821 F.2d 833 (1st Cir. 1987); *U.S. v. Sammons*, 918 F.2d 592 (6th Cir. 1990); *Clemens v. U.S. Dist. Court for Central Dist. of California*, 428 F.3d 1175 (9th Cir. 2005); *McWhorter v. City of Birmingham*, 906 F.2d 674, 30 Fed. R. Evid. Serv. 957 (11th Cir. 1990). As a general rule, judges are not disqualified from trying defendants of whom, through prior judicial proceedings, they have acquired a low opinion, because they are expected to be able to keep their likes and dislikes from intruding upon their duty to ensure a fair trial. AMJUR FEDCOURTS § 66; *In re Cooper*, supra. The fact that the undersigned presided over the defendant's state court case fourteen years ago, by itself, is not grounds for recusal. Henderson must demonstrate pervasive bias and prejudice resulting from actions or occurrences in the previous case, which he has not done. AMJUR FEDCOURTS § 66; *McWhorter v. City of*

4

*Birmingham*, 906 F.2d 674, 30 Fed. R. Evid. Serv. 957 (11th Cir. 1990).

Accordingly, knowing all of the facts of this case, a well-informed, thoughtful and objective observer would not question this court's impartiality. The defendant's Motion to Recuse IS DENIED.

Lake Charles, Louisiana, this 21 day of April, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE